SATTLER *v.* SATTLER.

DIVORCE—ALIMONY—MODIFICATION OF DECREE.

On appeal by the husband from the amount awarded the wife as alimony in a suit for divorce brought by her on the grounds of extreme cruelty, where it appears that at the time of the decree the property of defendant consisted of a farm valued at $9,000, personal property of the value of $2,732, and the household furniture, the decree awarding to plaintiff one-half of the farm in addition to $1,000, liberty bonds of the par value of $300, and the household furniture will be modified by reducing her interest in the farm from one-half to one-third.

Appeal from Hillsdale; Chester (Guy M.), J. Submitted June 17, 1921. (Docket No. 89.) Decided July 19, 1921.

Bill by Ellen Sattler against Christ Sattler for a divorce. From a decree for plaintiff, defendant appeals. Modified and affirmed.

*Baldwin & Alexander,* for plaintiff.

*B. D. Chandler* and *Paul W. Chase,* for defendant.

CLARK, J. Defendant complains of the award of alimony. The divorce was granted as prayed by plaintiff upon the ground of extreme and repeated cruelty. As bearing upon the question of the award, counsel for defendant point out that the plaintiff was not free from fault. Defendant is 68 years of age, the plaintiff 53. They have three children, the youngest, a son, 14, is with plaintiff. Into their farming enterprise, at the time of the marriage, plaintiff

On husband's prospects as basis for alimony, see notes in 4 L. R. A. (N. S.) 909; 44 L. R. A. (N. S.) 1003; 6 A. L. R. 192.

brought a horse, a cow, some household goods and about $50. Later, she contributed nearly $1,000 which came to her by inheritance. Defendant, at the time of the marriage, owned some farm equipment and a farm, which later was sold for $3,700. He received by inheritance $2,600 and $1,000 life insurance. They lived together from 1898 to 1920. At the time of the decree, plaintiff owned a horse and buggy. The other property was owned by defendant and consisted of a farm, valued at $9,000, and personal property of a value of $2,732, and the household furniture. The decree gave plaintiff one-half the farm, $1,000, liberty bonds of the par value of $300 and the household furniture, and the question of a further allowance for the support of the child was reserved by the decree.

Though making due allowance for the fact that the trial judge had the parties before him, we think the award too liberal. The plaintiff will have one-third instead of one-half the farm. The decree, so modified, is affirmed, without costs.

STEERE, C. J., and MOORE, WIEST, FELLOWS, STONE, BIRD, and SHARPE, JJ., concurred.